UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COUNTRY LAKE TOWNHOMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-03615-TWP-MJD |
| ) | |
| RONALD CARTWRIGHT, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion for Leave to Proceed *In Forma Pauperis*
and Remanding Action to State Court**

**I. Motion for Leave to Proceed In Forma Pauperis**

The defendant's request to proceed *in forma pauperis*, dkt. [2] is **granted.** No payment of a fee is required at this time. Notwithstanding the foregoing ruling, the plaintiff should be aware that he owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Propriety of Removal**

This action began as a state court eviction and late rent proceeding in Marion County, Indiana, on September 21, 2017. The state court complaint sought possession of the apartment and damages for accrued rent. There is no federal claim contained in or implicated in the complaint or other state court papers submitted with defendant's removal documents. Dkt. [1]-2.

In his notice of removal pursuant to 28 U.S.C. § 1441, defendant asserts federal question jurisdiction because the plaintiff's right to relief depends on the resolution of a substantial question of federal law. The defendant states that he is a member of a protected class under the Civil Rights Act of 1968.

Removal is improper because there is no federal question present and no diversity of citizenship alleged. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States . . . ." 28 U.S.C. § 1441(a). The federal courts have no original jurisdiction of state court landlord-tenant disputes, eviction actions, or rent contract questions. Defendant's bare assertions that he is a member of a protected class does not convert an ordinary eviction action into a federal question simply because the tenant is in a protected class.

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A defendant meets this burden by supporting his jurisdictional allegations with "competent proof," which "requires the defendant to offer evidence which proves to a reasonable probability that jurisdiction exists." *Chase v. Shop 'N Save Warehouse Foods, Inc*., 110 F.3d 424, 427 (7th Cir. 1997) (internal quotation and citations omitted). Defendant Cartwright has not met this burden, and this action must be dismissed and the matter remanded to state court.

Accordingly, this **action is dismissed**. A final judgment shall enter.

### III. Order to Remand

This action is dismissed without prejudice in this Court and the matter remanded to the state court. As required by 28 U.S.C. § 1447(c), **the Clerk shall mail a certified copy** of this remand order to the Clerk of the Warren Township of Marion County Small Claims Court.

**IT IS SO ORDERED**.

Date: 10/25/2017

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ronald Cartwright
2742-A White Knight Bl. 070
Indianapolis, IN 46229

All electronically registered counsel

Warren Township of Marion County
Small Claims Court
501 N. Post Road
Indianapolis, IN 46219